## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SNIDER, on behalf of the Seventy-Seven Energy Inc. Retirement & Savings Plan and a class of similarly situated participants of the Plan, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | )     Case No. CIV-20-977-D ) |
| ADMINISTRATIVE COMMITTEE, SEVENTY-SEVEN ENERGY, INC. RETIREMENT & SAVINGS PLAN; *et al.*, | ) ) ) ) |
| Defendants. | ) |

## <u>ORDER</u>

Before the Court is Plaintiff's Motion to Consolidate [Doc. No. 16], filed pursuant to Fed. R. Civ. P. 42(a).  Plaintiff seeks the consolidation of his case with a similar case filed over three years ago by another putative class member, Kathleen Myers.  *See Myers v. 401(k) Fiduciary Committee for Seventy Seven Energy, Inc.*, Case No. CIV-17-200-D, Compl. (W.D. Okla. Feb. 24, 2017).[1]  Although Plaintiff states that Ms. Myers joins in the Motion and although the same attorneys represent both, the Motion has been filed only in this case, and Plaintiff's statement is not supported by any filing by, or on behalf of, Ms. Myers.   Thus, the Court considers the Motion as one filed only by Plaintiff Snider. He seeks consolidation on the ground that the two cases "allege the same claims for relief

---

[1]  Due to interim developments in *Myers*, the style of the case has been changed to correctly identify the parties.  *See Myers v. Admin. Comm. Seventy Seven Energy Inc. Ret. & Sav. Plan*, Case No. CIV-17-200-D, Am. Compl. (W.D. Okla. April 19, 2017) (hereafter "*Myers*").

under the Employee Retirement and Income Security Act (ERISA) against the same defendants." *See* Pl.'s Mot. at 1.

Defendants oppose the Motion on the grounds that Plaintiff's claims differ from the pending claims in *Myers* and that consolidation would result in undue delay and prejudice to Defendants in *Myers* and would circumvent the Court's rulings in that case. *See* Defs.' Resp. Br. [Doc. No. 22] at 1. They point out that: Plaintiff's Complaint is identical to an amended complaint that Ms. Myers was not permitted to file (*see Myers*, Order filed July 24, 2020); Plaintiff's Complaint contains claims that were dismissed from *Myers*; and the deadline for joining parties and amending pleadings in *Myers* expired long ago. Defendants present evidence to show that Plaintiff filed this case, and this Motion, as a strategic move after they rejected counsel's request to permit Plaintiff's joinder in *Myers*, which they believe is designed to cure a defect in Ms. Myers' anticipated motion for class certification due by December 28, 2020.[2] Defendants also state an intention to file a timely motion to dismiss this case. *See* Order Granting Agreed Mot. re. Deadlines [Doc. No. 11].[3]

---

[2] Defendants present evidence that the request for Plaintiff to join *Myers* was first made on September 20, 2020, on the eve of the deadline for Ms. Myers to make expert disclosures, and that Plaintiff testified during a deposition in *Myers* that he did not reach out to counsel but, instead, was solicited to act as a representative of the putative class. Plaintiff does not dispute these facts in his reply; rather, he confirms this case was filed to avoid the possibility that a Rule 20 motion in *Myers* would be denied. *See* Reply Br. at 2 n.2.

[3] Defendants anticipate raising a statute of limitations defense that is not an issue in the *Myers* case. Although any time-bar defense is beyond the scope of this Order, the Court notes that Plaintiff concedes a six-year limitations period applies and, if he were to proceed in an independent action, he would not necessarily share the same class period as Ms. Myers. *See* Reply Br. at 3 & n.3. His timely ERISA claims would not, for example, reach back to July 1, 2014, which is the start of the time period alleged in the operative *Myers* complaint. *See Myers*, Am. Compl. ¶ 99.

Plaintiff has replied [Doc. No. 23] by asserting that, to achieve consolidation, he would agree to accept the Court's rulings in *Myers* and proceed under the operative pleading in that case.  According to Plaintiff, this offer alleviates Defendants' concern about possible prejudice to them from consolidation and about the early pleading stage at which this case now stands.  Plaintiff also notes that he was deposed during discovery in *Myers* and that Ms. Myers' designated expert supplemented his expert report to add opinions about Plaintiff before Defendants took the expert's deposition.  Further, the expert provided his opinions regarding Plaintiff before Defendants' expert disclosures were due.  Plaintiff asserts these circumstances minimize any prejudice to Defendants that might otherwise result from his late joinder in *Myers*.

## Standard of Decision

Rule 42(a)(2) gives a district court discretionary authority to consolidate actions that involve a common question of law or fact.  *See Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978); *Gillette Motor Transp. v. N. Okla. Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).  If a common question exists in separate cases for which consolidation is sought, the district court should weigh the interests of judicial economy or convenience in consolidating the cases against the delay, confusion, and prejudice that consolidation might cause.  *See Servants of Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994); *Garrett Dev. LLC v. Deer Creek Water Corp.*, Case No. CIV-18-298-D, 2020 WL 2516167, *1 (W.D. Okla. May 15, 2020).   "[C]ourts have found that consolidation may be inappropriate where the two actions are at such widely separate stages of preparation that consolidation of the cases would cause further delay and could

prejudice the parties." *Arnold ex rel. Chesapeake Energy Corp. v. McClendon*, Case No. CIV-11-985-M, 2012 WL 13024672, *2 (W.D. Okla. June 20, 2012) (internal quotation omitted). "The party moving for consolidation bears the burden of proving that consolidation is desirable." *Servants of Paraclete*, 866 F. Supp. at 1572; *see Shump*, 574 F.2d at 1344 (finding movants "failed to meet their burden to establish that consolidation would promote trial convenience and economy in administration or that they have suffered any injury as a result of the trial court's refusal to consolidate").

## Discussion

After careful consideration of the parties' competing interests, the Court is not persuaded by Plaintiff's arguments that his case and *Myers* should be consolidated. It is undisputed that the two cases share common questions of law and fact and, therefore, are eligible for consolidation. Both cases involve ERISA claims brought by participants in the same employee benefit plan against the same plan fiduciaries. However, the cases are at very different points in the litigation process.

Plaintiff's case was filed less than three months ago and is still at the pleading stage. He is attempting to bring claims that were dismissed from *Myers* and additional claims that were not asserted in that case. *Myers* has been litigated for more than three years; all first-stage discovery has been completed; and a motion for class certification is due to be filed soon. The current attempt by Plaintiff or his counsel to insert himself into the *Myers* case is remarkably untimely under the deadlines in that case, and Plaintiff presents no reason for his delay, either unwitting or intentional. Further, while Plaintiff may have shared his factual information with the expert hired by Ms. Myers to support her claims, he apparently

failed to do so in a timely manner; he was included in the expert's report only through a "supplemental" disclosure that Defendants received more than a month after the disclosure deadline and only days before Defendants' expert disclosures were due.  The Court finds untenable Plaintiff's contention that no prejudice can be shown because Defendants had his information before they deposed Ms. Myers' expert and before the discovery cutoff. Defendants are entitled to the orderly discovery of facts, formulation of expert opinions, and preparation for class-certification issues under the case management schedule to which the parties agreed, and the Court ordered, in *Myers*.  They should not be required to engage in a last-minute reformulation of their defense or reemployment of their experts to address a new party in a complex ERISA case.  Plaintiff does not contend he would suffer any prejudice if *Myers* is allowed to proceed without him or if he must await the outcome of the class-certification ruling in that case.

## Conclusion

The Court finds unconvincing Plaintiff's no-harm, no-foul approach to litigating a complex, putative class action.  Depending on further developments in *Myers* and this case, consolidation might achieve some judicial efficiency and convenience, but at this point, the Court cannot say that the potential savings outweigh the prejudice to Defendants.

**IT IS THEREFORE ORDERED** that is Plaintiff's Motion to Consolidate [Doc. No. 16] is **DENIED**.

**IT IS SO ORDERED** this 22nd day of December, 2020.

TIMOTHY D. DeGIUSTI
Chief United States District Judge