IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SNIDER, on behalf of the Seventy Seven Energy Inc. Retirement & Savings Plan and a class of similarly situated participants of the Plan,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE COMMITTEE, SEVENTY SEVEN ENERGY INC. RETIREMENT & SAVINGS PLAN; et al.<br><br>Defendants. | Case No. CIV-20-977-D |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS SETTLEMENT AND CERTIFICATION
OF A CLASS FOR SETTLEMENT PURPOSES**

Plaintiff respectfully files this Motion under Rule 23 of the Federal Rules of Civil Procedure for preliminary approval of a Class Settlement, certification of a Class for settlement purposes, as well as approval of Class Notice and Scheduling of Final Approval Hearing.

1. This action was originally filed in this Court on September 28, 2020. Dkt. 1.

2. This action alleges that Defendants breached their fiduciary duties to the Plan by allowing the Plan to be imprudently concentrated in Chesapeake Energy Stock ("CHK") and failing to prudently remove CHK stock from the Plan in a timely way.

3. The proposed class is defined as:

All persons, except Defendants and their Immediate Family Members, who were or are participants in or beneficiaries of the Plan (including

the Patterson Plan) at any time during the Class Period and whose accounts included any investment in Chesapeake Stock at any time during such period.

The Class Period begins on July 1, 2014, when CHK stock entered the Plan, and ends on February 28, 2021, when Chesapeake's bankruptcy concluded, ending all investment in CHK stock by last plan involved in the case.

4.     The proposed class consists of approximately 4,000 individuals whose accounts were impacted by the Plan's investment in CHK, thus meeting Rule 23(a)(1)'s numerosity requirement.

5.     The proposed class consists of individuals who each held CHK stock in their plan accounts, whose claims derive from a common nucleus of operative facts and address common questions of law with common answers, such as: (a) were Defendants fiduciaries within the meaning of ERISA? (b) did Defendants breach their fiduciary duties owed to the Plan by failing to remove CHK stock or prudently diversify the Plan's investments? and (c) how long would a prudent expert have taken to divest the Plan of CHK stock?

6.     Under ERISA, "the appropriate focus in a breach of fiduciary duty claim is the conduct of the defendants, not the plaintiffs. *In re Williams Cos. ERISA Litig.*, 231 F.R.D. 416, 422 (N.D. Okla. 2005). Defendants acted with respect to the Plan as a whole. Thus, Rule 23(a)(2)'s commonality requirement is satisfied.

7.     As a Plan participant whose individual account was invested in CHK during the Class Period, Christopher Snider's claim is typical of the entire class, thus satisfying Rule 23(a)(3)'s typicality requirement.

8. Both Mr. Snider and Plaintiff's Counsel have and will continue to adequately represent the interests of the Class. Plaintiff's Counsel are experts in the field of breach of fiduciary duty cases concerning the selection and maintenance of investments within 401(k) plans. They meet not only the requirement of adequacy under Rule 23(a)(4), but Plaintiff's Counsel meet the requirements for appointment of Class Counsel under Rule 23(g).

9. The Class may be certified under either subsection of Rule 23(b)(1). That Rule provides for certification where:

> the prosecution of separate actions by … individual members of the class would create a risk of (A) inconsistent or varying adjudications … which would establish incompatible standards for the party opposing the class, or (B) adjudications with respect to the individual members of the class which would be dispositive of the interest of the other members not parties to the adjudications.

Fed. R. Civ. P. 23(b)(1). The Rule 23 Advisory Committee noted that "an action which charges a breach of trust … by [a] … fiduciary similarly affecting the members of a large class of … beneficiaries" calls for certification under 23(b)(1). *See also Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 833–34 (1999). "[S]everal courts have held the type of ERISA claims for breach of fiduciary duty raised here are particularly appropriate for Rule 23(b)(1)(A) and (B) certification because of ERISA's distinctive 'representative capacity' and remedial provisions." *Paschal v. Child Dev., Inc.*, No. 12-184, 2014 WL 112214, at *6 (E.D. Ark. Jan. 10, 2014); *see also Wildman v. American Century Services, LLC*, No. 16-737, 2017 WL 6045487, at *5–6 (W.D. Mo. 2017); *Tussey*, No. 06-4305, 2007 WL 4289694, at *8 (W.D. Mo. Dec 3, 2007). Indeed, "ERISA litigation of this

nature presents a paradigmatic example of a (b)(1) class." *Ramos v. Banner Health*, 325 F.R.D. 382, 395 (D. Col. 2018) (quoting *Troudt v. Oracle*, 325 F.R.D 373 at 376 (D. Col. 2018)).

10. The Parties participated in a Settlement process mediated by Robert Meyer, a private mediator with extensive experience in similar cases. Plaintiff sent Defendants a detailed settlement proposal and demand letter in October 2021, and the Parties engaged in a mediation on February 15, 2022. The Parties subsequently negotiated the details of the settlement, resulting in the execution of the final version of the Settlement Agreement on April 18, 2022.

11. The Settlement is fundamentally fair, adequate, and reasonable in light of the circumstances of this case and preliminary approval of the Settlement is in the best interests of the Class Members. While the details of the Settlement are contained within Exhibit A, the settlement fundamentally includes a $15 million payment to Plan Participants alleged to have been negatively impacted by the Plan's investment in CHK stock.

12. Under Rule 23(e)(1)(B), a court should grant preliminary approval and order notification to the class if it determines that it "will likely be able to" approve the settlement. Fed. R. Civ. P. 23(e)(1). Determining whether the court will "likely" be able to approve the Settlement requires a preliminary consideration of the final approval factors set out in Rule 23(e)(2) to help assess whether the settlement is "fair, reasonable, and adequate." *See* Fed. R. Civ. P. 23(e)(1)(B)(i) and 23(e)(2).

13. Although the factors cited in Rule 23(e)(2) "apply to final approval, the Court looks to them to determine whether it will likely grant final approval based on the information currently before the Court." *Id.* (citing Fed. R. Civ. P. 23(e)(2). Those factors are:

    (A)    the class representatives and counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv) any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

14. The Settlement reached between the Parties here more than satisfies this standard given the significant nature of the case and the result reached by the Plaintiff. Preliminary approval will not foreclose interested persons from objecting to the Settlement and thereby presenting dissenting viewpoints to the Court.

15. Plaintiff also submits to the Court a Memorandum in Support of this Motion, as well as a Declaration of the Plaintiff's Counsel. Defendants are not submitting a Memorandum addressing the Motion.

WHEREFORE, Plaintiff requests the following:

- That the Court enters an Order preliminarily certifying the class for settlement purposes under Fed. R. Civ. P. 23(b)(1).

- That the Court name Gregory Porter and Mark Boyko of Bailey Glasser, LLP and Robert Izard and Douglas Needham of Izard, Kindall & Raabe LLP as Class Counsel pursuant to Fed. R. Civ. P. 23(g) and Robert Latham of Latham Steele Lehman as local Counsel.

- That the Court enters an Order granting its preliminary approval of the Settlement Agreement in the form attached to the Settlement Agreement;

- That the Court order any interested party to file any objections to the Settlement within the time limit set by the Court, with supporting documentation, and order such objections, if any, be served on counsel as set forth in the proposed Preliminary Approval Order and Class Notice;

- That the Court schedule a Final Approval Hearing for the purpose of receiving evidence, argument, and any objections relating to the Parties' Settlement Agreement; and

That following the Final Approval Hearing, the Court enter an Order granting final approval of the Parties' Settlement and dismissing the Action with prejudice.

Dated: April 21, 2022                    Respectfully submitted,

/s/ *Mark G. Boyko*
Mark G. Boyko (admitted *pro hac vice*)
**BAILEY & GLASSER LLP**
34 N. Gore Ave. – Suite 102
Webster Groves, MO 63119
Telephone: (314) 863-5446

Facsimile: (314)-863-5483

Gregory Y. Porter (admitted *pro hac vice*)
Ryan T. Jenny (admitted *pro hac vice*)
**BAILEY & GLASSER LLP**
1055 Thomas Jefferson Street, NW, Suite 540
Washington, DC 20007
Tel: (202) 463-2101
Fax: (202) 463-2103
E-mail: gporter@baileyglasser.com
E-mail: rjenny@baileyglasser.com

**IZARD KINDALL & RAABE LLP**
Robert A. Izard (admitted *pro hac vice*)
Mark P. Kindall (admitted *pro hac vice*)
Douglas P. Needham (admitted *pro hac vice*)
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
E-mail: rizard@ikrlaw.com
E-mail: mkindall@ikrlaw.com
E-mail: dneedham@ikrlaw.com

**LATHAM, STEELE, LEHMAN, KEELE, RATCLIFF, FREIJE & CARTER, P.C**
Bob L. Latham, OBA No. 15799
James Colvin, OBA No. 20654
1515 E. 71st Street, Suite 200
Tulsa, OK 74136
Telephone: (918) 970-2000
Facsimile: (918) 970-2002
E-mail:  blatham@law-lsl.com
E-mail: jcolvin@law-lsl.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2022, I electronically transmitted the foregoing document to the Clerk of Court using ECF System for filing and transmittal of a Notice of Electronic Filing to the counsel of record for the Defendants.

/s/ *Mark G. Boyko*
Mark G. Boyko