**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CHRISTOPHER SNIDER, on behalf of the Seventy Seven Energy Inc. Retirement & Savings Plan and a class of similarly situated participants of the Plan, | ) ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-977-D |
| | ) | |
| ADMINISTRATIVE COMMITTEE, SEVENTY SEVEN ENERGY INC. RETIREMENT & SAVINGS PLAN; et al. | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, CERTIFYING CLASS FOR SETTLEMENT PURPOSES,
APPROVING FORM AND MANNER OF NOTICE,
AND SETTING DATE FOR FAIRNESS HEARING**

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Settlement and Certification of a Class for Settlement Purposes [Doc. No. 39]. Plaintiff Christopher Snider moves pursuant to Fed. R. Civ. P. 23(e) for an order preliminarily approving a negotiated settlement of this action, in accordance with the Class Action Settlement Agreement dated April 18, 2022 (the "Settlement Agreement"), which, together with the exhibits thereto, sets forth the terms and conditions for a proposed Settlement of the Action.[1]

---

[1] Capitalized terms not otherwise defined in this Order have the same meaning ascribed to them in the Settlement Agreement.

The Court has preliminarily considered the Settlement Agreement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class.  Upon consideration of Plaintiff's Motion and supporting Memorandum [Doc. No. 40], and after careful review of the Settlement Agreement [Doc. No. 40-2], the Court finds that the Motion should be **GRANTED** as set forth herein.

**IT IS THEREFORE ORDERED** as follows:

1.    **Class Findings:**  Solely for the purposes of the Settlement, the Court finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Local Civil Rules, and any other applicable law have been met as to the Settlement Class defined below, in that:

(a)    The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(1), that the members of the Settlement Class are sufficiently numerous that their joinder before the Court would be impracticable.

(b)    The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(2), that there are one or more questions of fact and/or law common to the Settlement Class.

(c)    The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(3), that the claims of Plaintiff are typical of the claims of the Settlement Class.

(d)    The Court preliminarily finds, for purposes of settlement only, as required by Fed. R. Civ. P. 23(a)(4), that Plaintiff will fairly and adequately protect the

interests of the Settlement Class in that: (i) the interests of Plaintiff and the nature of his alleged claims are consistent with those of the members of the Settlement Class; (ii) there appear to be no conflicts between or among Plaintiff and the Settlement Class; and (iii) Plaintiff and the members of the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting large, complicated ERISA class actions.

(e)     The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(b)(1), that the prosecution of separate actions by individual members of the Settlement Class would create a risk of:  (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; and (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede the ability of such persons to protect their interests.

(f)     The Court preliminarily finds for purposes of settlement only, as required by Fed. R. Civ. P. 23(g), that Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, in that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling ERISA class actions, (iii) are knowledgeable of the applicable law, and (iv) have committed the necessary resources to represent the Settlement Class.

2.      **Class Certification**:   The Court, in conducting the settlement approval process required by Fed. R. Civ. P. 23, certifies solely for purposes of settlement the following class under Rule 23(b)(1) (the "Settlement Class"):

> All persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the Seventy Seven Energy Inc. Retirement & Savings Plan, Seventy Seven Energy LLC Retirement & Savings Plan, Patterson-UTI Energy, Inc. 401(k) Profit Sharing Plan, and their Successors-in-Interest (collectively, the "Plan") at any time from July 1, 2014 to February 28, 2021, inclusive (the "Class Period"), and whose Plan accounts included any investment in Chesapeake Energy Corporation at any time during such period.

The Court appoints Settlement Class member Christopher Snider as representative for the Settlement Class and appoints Bailey & Glasser LLP and Izard Kindall & Raabe LLP as Class Counsel for the Settlement Class.  The Court further appoints Latham Steele Lehman as local counsel to assist Class Counsel.

Preliminary certification of a Settlement Class pursuant to the terms of the Settlement Agreement shall not constitute and does not constitute, and shall not be construed or used as an admission, concession, or declaration by or against Defendants that (except for the purposes of the Settlement) this Action or any other action is appropriate for litigation class treatment under Fed. R. Civ. P. 23, or any similar federal or state class action statute or rule.

3.      **Preliminary Findings Regarding Proposed Settlement**:   The Court preliminarily finds that (i) the proposed Settlement resulted from extensive arm's-length negotiations, including mediation, (ii) the Settlement Agreement was executed only after

Class Counsel had conducted appropriate investigation and discovery regarding the strengths and weaknesses of Plaintiff's claims, (iii) Class Counsel have concluded that the proposed Settlement is fair, reasonable, and adequate, and (iv) the proposed Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the proposed Settlement to the Settlement Class.  Having considered the essential terms of the Settlement under the recommended standards for preliminary approval of settlements as set forth in relevant case law, the Court finds that those whose claims would be settled, compromised, dismissed, and/or released pursuant to the Settlement should be given notice and an opportunity to be heard regarding final approval of the Settlement and other matters.

4.      **Fairness Hearing**:   A hearing is scheduled for August 18, 2022, at 10:00 a.m. (the "Fairness Hearing") to determine, among other things:

- Whether the Settlement merits final approval as fair, reasonable, and adequate;

- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;

- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;

- Whether the proposed Plan of Allocation should be approved; and

- Whether any application(s) for attorneys' fees, costs, and expenses and Case Contribution Award to Plaintiff are fair and reasonable and should be approved.

5.      **Class Notice**: The Court hereby approves the selection of Kurtzman Carson Consultants LLC as the Settlement Administrator and Escrow Agent.

6.      The Plaintiff has presented a proposed Class Notice, attached as Exhibit A.

**7.**     The Court hereby approves the Class Notice as to form and content, subject to completion (for example, replacing "1-800-xxx-xxx" with a toll-free telephone number).

**8.**     The Court finds that the Class Notice fairly and adequately: (a) describes the terms and effect of the Settlement, including the Plan of Allocation; (b) notifies the Settlement Class that Plaintiff's Counsel will seek attorneys' fees and reimbursement of costs and expenses from the Settlement Fund, and for a Case Contribution Award for Plaintiff for his service in such capacity; (c) gives notice to the Settlement Class of the time and place of the Fairness Hearing; and (d) describes how the recipients of the Class Notice may object to any of the relief requested.  Plaintiff has proposed the following manner of communicating the notice to members of the Settlement Class, and the Court finds that such proposed manner is (i) the best notice practicable under the circumstances, (ii) constitutes notice reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to object to the Settlement, and their right to appear at the Fairness Hearing, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to notice, and (iv) meets all applicable requirements of the Federal Rules of Civil Procedure and any other applicable law.  Accordingly, the Court directs that:

- Within ten (10) calendar days after entry of this Order, Defendants shall provide an electronic file(s) to the Settlement Administrator with the names, dates of birth, social security numbers, last known addresses, and Chesapeake investment information of the Settlement Class to the extent available.  The Parties and Settlement Administrator agree that this data shall be kept confidential pursuant to the terms of the Protective Order and

will be used solely for the purpose of implementing this Settlement and may not be otherwise used or disclosed.

- Within twenty-one (21) calendar days after entry of this Order, the Settlement Administrator will (a) cause the Class Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be mailed, by first-class mail, postage prepaid, to the last known address of each member of the Settlement Class who can be identified by reasonable effort, and (b) post the Class Notice, the Settlement Agreement and its exhibits, and this Order on the dedicated Settlement Website, which shall be accessible to the public.

9.    At or before the Fairness Hearing, Class Counsel shall file with the Court proof of timely compliance with the foregoing mailing and publication requirements.

10.    **Notice Expenses**:  The expenses of printing and mailing and publishing all notices required hereby shall be paid from the Settlement Fund.

11.    **Objections to Settlement**:   The Court will consider written comments and/or objections to the Settlement, to the Plan of Allocation, to the proposed award of attorneys' fees, costs, and expenses, or to the request for a Case Contribution Award for Plaintiff so long as such written comments or objections are filed with the Court Clerk on or before twenty-one (21) calendar days before the date of the Fairness Hearing, comply with the requirements of Paragraph 12 below, and are served on the Parties at the following addresses:

*For Filing with the Court:*

> Clerk of the U.S. District Court for the Western District of Oklahoma
> William J. Holloway, Jr. United States Courthouse
> 200 NW 4th Street
> Oklahoma City, OK 73102
> Re: *Christopher Snider v. Administrative Committee, Seventy Seven Energy Inc. Retirement & Savings Plan, et al.*, Case No. CIV-20-977-D, in the United States District Court for the Western District of Oklahoma

7

*To Class Counsel:*

> BAILEY & GLASSER LLP
> Gregory Y. Porter
> Mark G. Boyko
> 1054 31st Street NW, Suite 230
> Washington, D.C. 20007
> Telephone: (202) 463-2101
> Facsimile: (202) 463-2103
> gporter@baileyglasser.com
> mboyko@baileyglasser.com

*To Counsel for Defendants:*

> BAKER BOTTS L.L.P.
> Travis J. Sales
> Tina Q. Nguyen
> 910 Louisiana Street
> Houston, Texas 77002-4995
> Telephone: (713) 229-1234
> Facsimile: (713) 229-1522
> travis.sales@bakerbotts.com
> tina.nguyen@bakerbotts.com

**12.**    The Court will consider written comments and objections to the Settlement that are timely filed with the Court and include all of the following: (a) the name and case number of the Action (*Christopher Snider v. Administrative Committee, Seventy Seven Energy Inc. Retirement & Savings Plan, et al.*, Case No. CIV-20-977-D, in the United States District Court for the Western District of Oklahoma); (b) the objector's full name, address, and telephone number; (c) whether the objector is a Settlement Class member and an explanation of the basis upon which the objector claims to be a Settlement Class member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the objector or his or her counsel intends to personally appear and/or testify at the Fairness Hearing; (f) a list of

any persons the objector or his or her counsel may call to testify at the Fairness Hearing in support of the objection; and (g) the signature of the objector or the signature of a duly authorized attorney or other duly authorized representative for the objector. **Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.**

13. **Appearance at Fairness Hearing**: Anyone who files and serves a timely, written comment or objection in accordance with this Order may also appear at the Fairness Hearing either in person or through qualified counsel retained at their own expense. Those persons or their attorneys intending to appear at the Fairness Hearing must effect service of a notice of intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class member (and, if applicable, the name, address, and telephone number of that Settlement Class member's attorney) on Class Counsel and Defendants' counsel (at the addresses set out above) and file it with the Court Clerk by no later than twenty-one (21) calendar days prior to the date of the Fairness Hearing. **Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.**

14.     **Report of Independent Fiduciary**:   The Court hereby approves the selection of Fiduciary Counselors Inc. as the Independent Fiduciary.   The report of any Independent Fiduciary retained to review the Settlement shall be filed with the Court at least thirty (30) calendar days prior to the date of the Fairness Hearing.

15.     **Papers in Support of Settlement, Plan of Allocation, Attorneys' Fees and Expenses, and a Case Contribution Award**:   Class Counsel shall submit their papers in support of final approval of the Settlement, the proposed Plan of Allocation, and Plaintiff's Counsel's applications for attorneys' fees, expenses, costs, and a Case Contribution Award at least forty-five (45) calendar days prior to the date of the Fairness Hearing.   Within five (5) calendar days of such filing, Class Counsel shall post such filing on the Settlement Website.   The Parties may submit papers in response to any timely-filed objections and/or to the report of the Independent Fiduciary by no later than ten (10) calendar days prior to the Fairness Hearing.

16.     **Service of Papers**:   Defendants' counsel and Class Counsel shall promptly furnish each other with copies of any and all objections that come into their possession.

17.     **Termination of Settlement**:   This Order shall become null and void, *ab initio*, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions as of February 1, 2022, before the Parties executed the Settlement Agreement, if the Settlement is terminated in accordance with the terms of the Settlement Agreement.

18.     **Use of Order**:   This Order is not admissible as evidence for any purpose against Defendants in any pending or future litigation involving any of the Parties.   This

Order shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability, and Defendants specifically deny any such fault, breach, liability, or wrongdoing.  This Order shall not be construed or used as an admission, concession, or declaration by or against Plaintiff or the Settlement Class that their claims lack merit or that the relief requested in the Action is inappropriate, improper, or unavailable.  This Order shall not be construed or used as an admission, concession, declaration, or waiver by any party of any arguments, defenses, or claims he, she, or it may have, including, but not limited to, any objections by Defendants to class certification, in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only.  Neither the fact of, nor any provision contained in the Settlement Agreement or its exhibits, nor any actions taken thereunder shall be construed as, offered into evidence as, received in evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any fact alleged or validity of any defense that has been, could have been, or in the future might be asserted.

19.     **Jurisdiction**:  The Court hereby retains jurisdiction for purposes of implementing the Settlement, and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement as may from time to time be appropriate, and to resolve any and all disputes arising thereunder.

20.     **Continuance of Hearing**:  The Court reserves the right to continue the Fairness Hearing without further written notice.

11

**IT IS SO ORDERED** this 19th day of May, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge