# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*A federal court has authorized this Notice. This is not a solicitation from a lawyer.*

**PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS**

You are receiving this notice (the "Notice") because our records indicate that you have been a participant in a 401(k) Plan involved in the lawsuit summarized below and invested some or all of your Plan account in Chesapeake Energy Corporation stock ("Chesapeake Stock"). As such, your rights may be affected by a proposed settlement of the class action litigation in the U.S. Federal Court for the Western District of Oklahoma titled *Christopher Snider v. Administrative Committee, Seventy Seven Energy Inc. Retirement & Savings Plan, et al.*, Case No. CIV-20-977-D, in the United States District Court for the Western District of Oklahoma (the "Action"). The plans involved in the Action are the Seventy Seven Energy Inc. Retirement & Savings Plan, Seventy Seven Energy LLC Retirement & Savings Plan, and the Patterson-UTI Energy, Inc. 401(k) Profit Sharing Plan (collectively, the "Plan").

This Notice summarizes the proposed Settlement. Capitalized terms not defined in this Notice are defined in the Settlement Agreement. The complete terms and conditions of the Settlement are described in the Settlement Agreement, which is available at http://www.seventysevensettlement.com, by contacting Class Counsel, Mark G. Boyko at mboyko@baileyglasser.com, by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.okwd.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Western District of Oklahoma, during public service hours, provided the office is not closed to the public.

**DO NOT CONTACT THE COURT, THE COURT CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL TO INQUIRE ABOUT THIS SETTLEMENT.**

## What This Litigation Is About

This class action litigation is brought on behalf of participants in the Plan. Plaintiff Christopher Snider is the named plaintiff and the representative on behalf of all members of the Settlement Class in the Action. The lawsuit was originally filed on September 28, 2020. The Settlement Class is generally defined as all participants in the Plan at any time during the period from July 1, 2014 to February 28, 2021 and whose accounts included any investment in Chesapeake Stock at any time during such period.

The lawsuit alleges that Defendants[1] violated their fiduciary duties by continuing to offer the Chesapeake Stock in the Plan after it received Chesapeake Stock as the product of Chesapeake Energy Corporation spinning off Seventy Seven Energy Inc. in 2014. Plaintiff alleges that Chesapeake Stock is undiversified and imprudent and that the Plan's investment in Chesapeake Stock renders the Plan imprudently undiversified as well. Plaintiff alleges that the fiduciary duty of prudence and duty to diversify plan investments, as required by the Employee Retirement Income Security Act of 1974 ("ERISA"), were therefore violated.

Defendants deny all allegations of wrongdoing, fault, liability, or damages to Plaintiff and the Settlement Class and deny that they engaged in any wrongdoing or violation of law or breach of fiduciary duties. Defendants maintain that they acted in the best interests of Plan participants at all times and complied with their fiduciary obligations to the Plan and its participants. Among other things, Defendants contend that the Plan fiduciaries employed a robust and thorough process for selecting, monitoring, and removing Plan investment options, informed Plan participants of the risk of investing in Chesapeake Stock, did not allow new investments in Chesapeake Stock after the Plan was established, and allowed Plan participants the ability to choose for themselves whether to continue to invest their Plan accounts in Chesapeake Stock.

## The Terms of the Settlement

To avoid the time and expense of further litigation, Plaintiff and Defendants have agreed to resolve the litigation. The Settlement is the product of extensive negotiations between the parties, who were assisted in their negotiations by a neutral private mediator. The parties have taken into account the uncertainty and risks of litigation and have concluded that it is desirable to settle on the terms and conditions set forth in the Settlement Agreement. If the Settlement is approved by the Court, the Settlement Class will obtain the benefits of the Settlement without the further delay and uncertainty of additional litigation. The Settlement resolves all issues regarding the Plan's inclusion of Chesapeake Stock.

The terms of the Settlement are set forth in the Class Action Settlement Agreement dated April 18, 2022 (the "Settlement Agreement"), which is available on the Settlement Website at http://www.seventysevensettlement.com. Those terms are summarized below. This Notice is a summary, and in the event of any inconsistency, the Settlement Agreement controls. Nothing in the Settlement Agreement is an admission or concession on Defendants' part of any fault or liability, nor is it an admission or concession on Plaintiff's part that his claims lacked merit.

---

[1] Collectively, the Administrative Committee of the Seventy Seven Energy Inc. Retirement and Savings Plan, Cary Baetz, Karl Blanchard, Christin Borden, Linda Clark, Clint Cover, Gina DeMarco, Lance Haffner, and Jerome Loughridge.

1. **Who Is Covered by the Settlement?**

**Plaintiff will request that the Court certify a class, and the Settlement will apply to, and be binding on, that class. The Settlement Class is defined as:**

All persons, except Defendants and their Immediate Family Members, who were or are participants in or beneficiaries of the Plan (including the Patterson Plan)[2] at any time during the Class Period (July 1, 2014, through February 28, 2021) and whose accounts included any investment in Chesapeake Energy Corporation stock at any time during such period.

Plan records indicate that you may be a member of the Settlement Class because you are a current or former participant in the Plan who invested in Chesapeake Stock at some time during the Class Period.

2. **Relief Provided to the Settlement Class by the Settlement.**

**Under the proposed Settlement, Defendants will arrange for $15,000,000 to be paid into a Settlement Fund. After payment of Settlement Expenses (such as the cost of distributing this Notice), Class Counsel's attorneys' fees and costs, and other expenses, the remaining Settlement Proceeds will be paid to the Settlement Class.**

The Settlement Proceeds will be distributed to eligible Settlement Class members pursuant to a Plan of Allocation to be approved by the Court.[3] Individual payments under the Settlement for each Settlement Class member will be determined in accordance with that Plan of Allocation and cannot be quantified with certainty for any individual Settlement Class member at this time. That is in part because the exact Settlement Proceeds amount and number of Settlement Class members are not known at this time, although a preliminary review of Plan records suggests that approximately 4,000 individuals will be included in the Settlement Class. The proposed Plan of Allocation and other case and settlement documents are available at http://www.seventysevensettlement.com.

On a summary level, the Plan of Allocation will work as follows: The Settlement Administrator will determine the Settlement Proceeds to be allocated to Settlement Class members. The Settlement Administrator will then calculate the portion of the Settlement

---

[2] These include the Seventy Seven Energy Inc. Retirement & Savings Plan, Seventy Seven Energy LLC Retirement & Savings Plan, and the Patterson-UTI Energy, Inc. 401(k) Profit Sharing Plan.

[3] The Settlement Proceeds are the balance of the Settlement Fund after satisfaction of attorneys' fees, costs, and expenses pursuant to Section 10.1 of the Settlement Agreement, Case Contribution Award pursuant to Section 10.2 of the Settlement Agreement, and any other Settlement Expenses pursuant to Section 8.1 of the Settlement Agreement.

Proceeds to be allocated to each Settlement Class member, utilizing available Plan records, based on the harm each Settlement Class member allegedly suffered and the relative strength of the Plan's claim during the time each Settlement Class member invested in Chesapeake Stock. To do so, each Settlement Class member will have their "Net Proportion" of the Settlement calculated using the formula "Net Proportion" = (Class Member's proportion of Plan's CHK investment on 7/1/2014) * 0.3 + (Class Member's proportion of Plan's CHK investment on 12/31/2014) * 0.4 + (Class Member's proportion of the Plan's CHK investment on 12/31/2015) * 0.1 + (Class Member's proportion of the Plan's CHK investment on 12/28/2017) * 0.2.

Thus, a Settlement Class member's allocation will depend on the amount he or she had invested in Chesapeake Stock at the start of the Class Period and whether and when the Settlement Class member divested their account of Chesapeake Stock before it was removed from the Plan. To ensure that no Settlement Class member receives less than $10, any Settlement Class member entitled to receive less than $10 will be allocated $10, and the remaining allocations will be adjusted proportionally. If enough assets remain in the Settlement Fund following the initial distribution, a subsequent distribution may be made pursuant to the Plan of Allocation.

Settlement benefits will be distributed by check to the address provided to the Settlement Administrator (generally, the address where this notice has been mailed). The distribution may be treated for tax purposes like a distribution from your 401(k) and, therefore, your distribution may be subject to withholdings as provided for by law. Some or all of these withholdings can be avoided by directing that the distribution be made into another qualified retirement account, like an IRA. If you would like to do that, or if you need to change your address, a form is provided on the settlement website, http://www.seventysevensettlement.com. You do not need to fill out a form to receive your benefits, but it is an optional form which you should use if you would like your distribution to be directly rolled into a tax qualified account.

Your distribution will be automatically mailed to you personally at this address unless you request a direct rollover or a change-of-address through the settlement website, http://www.seventysevensettlement.com. If you do nothing, you will still receive your distribution as a check personally to you.

**Actual allocation amounts will depend on the final Settlement Proceeds, the final number of Settlement Class members, and the individual Settlement Class member's Chesapeake Stock investment during the Class Period. It is possible that some Settlement Class members may receive the minimum recovery of $10.**

All inquiries related to distributions should be addressed solely to the Settlement Administrator at the contact information provided below:

> Snider v. Seventy Seven Energy Settlement Administrator
> PO Box 8060
> San Rafael, CA 94912-8060

3.      <u>Summary of the Claims Released by the Class</u>. In exchange for the Settlement Amount and other terms of the Settlement, if the Settlement is approved, all members of the Settlement Class will release the "Released Claims," which are defined in the Settlement Agreement as any and all past, present, and future claims, demands, rights, liabilities, causes of action, damages, costs, expenses, and compensation of every nature or description whatsoever, fixed or contingent, known or unknown, accrued or unaccrued, liquidated or unliquidated, now existing or that might arise hereafter, at law or in equity, matured or unmatured, whether class or individual in nature, asserted or that might or could have been asserted in any forum by Releasing Parties against any or all of the Released Parties that: (a) were brought or could have been brought in the Action and arise out of the same or substantially similar facts, circumstances, situations, transactions, or occurrences as those alleged in the Action; or (b) were brought or could have been brought under ERISA with respect to Chesapeake Stock in the Plan (including the Patterson Plan).

Settlement Class members will not have the right to bring any Released Claims against the Defendants or other Released Parties. "Released Parties" is defined in the Settlement Agreement and means each and all of Defendants, the Company, the Plan's (including the Patterson Plan's) trustees, fiduciaries, and committee members, and each of their respective past, present, and future directors, officers, fiduciaries, participants, beneficiaries, employees, employers, partners, principals, agents, members, managers, independent contractors, Representatives, underwriters, issuers, insurers, co-insurers, insureds, reinsurers, controlling shareholders, attorneys, accountants, auditors, investment bankers, advisors, consultants, trustees, investment managers, fiduciaries, committee members, personal representatives, predecessors, service providers, Successor-in-Interest, parents, subsidiaries, divisions, affiliates, assigns, heirs, executors, administrators, associates, related or affiliated persons or entities, Immediate Family Members, all other persons and firms for whom they could be legally responsible, and anyone else who could be deemed a fiduciary of the Plan (including the Patterson Plan).

The entire release is set forth in the Settlement Agreement, which can be viewed online at http://www.seventysevensettlement.com, or requested from the Settlement Administrator or Class Counsel.

## The Settlement Approval Process

The Court has granted preliminary approval of the proposed Settlement and approved this Notice. The Settlement will not take effect, and there will be no benefits distributed under the Settlement, however, if the Court does not enter an Order and Final Judgment or the Settlement otherwise does not become effective. The Court will hold a

hearing on August 18, 2022, at 10:00 A.M. to consider whether the Settlement is fair, reasonable, and adequate (the "Final Approval Hearing"). The Court and the Parties anticipate the hearing will be conducted in at the United States District Court for the Western District of Oklahoma, 200 NW 4th St., Oklahoma City, OK 73102, but the Court may, by order filed on the public record, change the format, time, or place of the hearing. Class Counsel will attend the hearing to answer any questions the Court may have. You are not required to attend the Final Approval Hearing.

The date, format, and location of the Final Approval Hearing are subject to change by order of the Court without further notice to the Settlement Class. If you would like to attend the Final Approval Hearing, you should check the Settlement Website, http://www.seventysevensettlement.com, or the Court's online docket to confirm that the date, format, or location has not been changed. Prior to the Final Approval Hearing, an Independent Fiduciary will be asked to approve the Settlement and Released Claims on behalf of the Plan, as may be required by ERISA Prohibited Transaction Exemption 2003-39 or any other applicable class or statutory exemptions. The Court will be informed as to whether the Independent Fiduciary approved the Settlement and Released Claims on behalf of the Plan prior to ruling on the application for final approval of the Settlement.

## The Opportunity to Object to the Settlement

As a Settlement Class member, you can ask the Court to deny approval of the Settlement by filing an objection. You cannot, however, ask the Court to order a settlement on different terms; the Court can approve or reject the Settlement only on the terms reached by the Parties. If the Court denies approval, the Settlement Amount will not be distributed and the litigation will resume.

Any objection to the proposed Settlement must be made in writing. If you file a timely written objection, you may, but are not required to, appear at the Final Approval Hearing, either in person or through your own attorney. If you appear through your own attorney, you are responsible for hiring and paying that attorney. All written objections and supporting papers must be (i) served upon Class Counsel and counsel for Defendants, and (ii) submitted to the Court either by mailing to the Clerk of the Court, United States District Court for the Western District of Oklahoma, 200 NW 4th St., Oklahoma City, OK 73102, or by filing in person at the same location. The objection must be filed (actually received by the Court) on or before July 28, 2022. Each objection must contain (a) the name and case number of the Action (*Christopher Snider v. Administrative Committee, Seventy Seven Energy Inc. Retirement & Savings Plan, et al.*, Case No. CIV-20-977-D, in the United States District Court for the Western District of Oklahoma); (b) the objector's full name, address, and telephone number; (c) whether the objector is a Settlement Class member and an explanation of the basis upon which the objector claims to be a Settlement Class member; (d) all grounds for the objection, accompanied by any legal support known to the objector or his or her counsel; (e) a statement as to whether the objector or his or her counsel

intends to personally appear and/or testify at the Final Approval Hearing; (f) a list of any persons the objector or his or her counsel may call to testify at the Final Approval Hearing in support of the objection; and (g) the signature of the objector or the signature of a duly authorized attorney or other duly authorized representative for the objector. **Any member of the Settlement Class or other person who does not timely file and serve a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred absent an Order from the Court.**

Those Settlement Class members or their attorneys intending to appear at the Final Approval Hearing must give notice of their intention to appear setting forth, among other things, the name, address, and telephone number of the Settlement Class member (and, if applicable, the name, address, and telephone number of that Settlement Class member's attorney) to Class Counsel and Defendants' Counsel and file it with the Court Clerk on or before July 28, 2022. **Anyone who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall not be permitted to appear at the Fairness Hearing, except by Order of the Court for good cause shown. Any comment or objection that is timely filed will be considered by the Court even in the absence of a personal appearance by the Settlement Class member or that Settlement Class member's counsel.**

If the Court approves the Settlement, you will be bound by it and will receive whatever benefits you are entitled to under its terms. You cannot exclude yourself (or "opt-out") from the Settlement. The Court has conditionally certified the Settlement Class under Federal Rule of Civil Procedure 23(b)(1), which does not permit Settlement Class members to opt out of the Class.

### Attorneys' Fees and Case Contribution Award for Named Plaintiff

The Class is represented by Class Counsel, which may be contacted as follows:

Gregory Y. Porter
Mark G. Boyko
BAILEY & GLASSER LLP
1055 Thomas Jefferson Street NW
Suite 540
Washington, DC 20007
mboyko@baileyglasser.com
314-863-5446

Class Counsel and Plaintiff have devoted many hours to investigating the claims, bringing this litigation, and pursuing it for three years. The case presents a legal theory concerning the duty to diversify investments in company stock of a former employer which

was untested and, therefore, involves an unusually high level of risk for Class Counsel. During the case, Class Counsel incurred litigation expenses in addition to the time spent by attorneys, paralegals, and others. Class Counsel also took the risk of litigation and have not been paid for their time and expenses while this litigation has been pending before the Court.

Class Counsel will file a motion with the Court seeking approval of reasonable attorneys' fees and reimbursement of the expenses they incurred in prosecuting the litigation, to be paid from the Settlement Fund. Their request will not exceed (1) attorneys' fees of one-third of the Settlement Amount, or $5,000,000, and (2) reimbursement of expenses of up to $240,000.

Plaintiff will also request that the Court approve a Case Contribution Award of up to $20,000 for Plaintiff Snider from the Settlement Fund.

Plaintiff's preliminary approval motion and supporting papers were filed on April 21, 2022, and the final approval motion and fee and expense motion will be filed on or before July 4, 2022. You may review these filings at http://www.seventysevensettlement.com. Any award of attorneys' fees, costs, and expenses and Case Contribution Award approved by the Court, in addition to the administration costs, Independent Fiduciary fees and costs, and taxes and tax-related costs, will be paid from the Settlement Fund.

## **Getting More Information**

**You do not need to do anything to be a part of this Settlement Class or, if the Settlement is approved, to be eligible to receive your share of the Settlement Fund. If you are eligible for a distribution, a check will be mailed to you.**

You can visit the Settlement Website at http://www.seventysevensettlement.com, where you will find the full Settlement Agreement, the Court's order granting preliminary approval, this Notice, and other relevant documents. If there are any changes to the deadlines identified in this Notice, the date of the Final Approval Hearing, or the Settlement Agreement, those changes will be posted to the Settlement Website. <u>You will not receive an additional mailed notice with those changes</u>, unless separately ordered by the Court. If you cannot find the information you need on the Settlement Website, you may also contact **1-800-xxx-xxxx** for more information. Please do not contact the Court, Defendants, or counsel for Defendants to get additional information.

Dated: May 19, 2022                              By Order of the United States District Court