IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER SNIDER, on behalf of the Seventy Seven Energy Inc. Retirement & Savings Plan and a class of similarly situated participants of the Plan,<br><br>Plaintiff,<br><br>v.<br><br>ADMINISTRATIVE COMMITTEE, SEVENTY SEVEN ENERGY INC. RETIREMENT & SAVINGS PLAN; *et al*.<br><br>Defendants. | Case No. CIV-20-977-D |

## ORDER AND FINAL JUDGMENT

On August 18, 2022, this Court held a hearing to determine, among other things: (1) whether the terms and conditions of the Class Action Settlement Agreement, dated April 18, 2022, are fair, reasonable, and adequate and should be approved; (2) whether to certify this case as a class action for settlement purposes only; (3) whether a final judgment should be entered dismissing this Action against Defendants with prejudice; (4) whether to approve the proposed Plan of Allocation as a fair and equitable method to allocate the Settlement Fund among all Settlement Class members; (5) whether and in what amount to award Plaintiff's Counsel attorneys' fees, costs, and expenses; and (6) whether and in what amount to award Plaintiff a Case Contribution Award in recognition of the time and effort he contributed while representing the members of the Settlement Class.[1]

---

[1] Capitalized terms not otherwise defined in this Order shall have the same meaning as ascribed to them in the Settlement Agreement.

The Court having considered all matters submitted to it at the hearing and otherwise, and it appearing that the Class Notice of the Fairness Hearing, substantially in the form approved by the Court, was mailed to all persons reasonably identifiable as Settlement Class members and posted on the dedicated settlement website accessible to the public; and the Court having considered and determined the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, whether the Settlement Class should be certified, and the fairness and reasonableness of the award of attorneys' fees, costs, and expenses requested as well as the requested Case Contribution Award; the Court enters this Order and Final Judgment on the terms set out below.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The Court has jurisdiction over the subject matter of the Action and Settlement Agreement and over all Parties to it, including all members of the Settlement Class, the Releasing Parties, and the Released Parties.

2. The Court finds for the purposes of the Settlement only that the prerequisites for certification of this Action as a class action under Fed. R. Civ. P. 23(a) and (b)(1) have been satisfied in that in this Action: (a) the number of Settlement Class members herein is sufficiently numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class herein; (c) the claims of Plaintiff are typical of the claims of the Settlement Class sought to be represented; (d) Plaintiff has fairly and adequately represented, and will fairly and adequately represent, the interests of the Settlement Class herein. The Court also finds for purposes of the Settlement only, as required by Fed. R.

Civ. P. 23(b)(1), that the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the adjudications, or would substantially impair or impede the ability of such persons to protect their interests.

3. Pursuant to Fed. R. Civ. P. 23 and for purposes of Settlement only, the Court hereby finally certifies this Action as a class action, with the Settlement Class being defined as follows:

> All persons, except Defendants and their Immediate Family Members, who were participants in or beneficiaries of the Seventy Seven Energy Inc. Retirement & Savings Plan, Seventy Seven Energy LLC Retirement & Savings Plan, Patterson-UTI Energy, Inc. 401(k) Profit Sharing Plan, and their Successors-in-Interest (collectively, the "Plan") at any time from July 1, 2014 to February 28, 2021, inclusive (the "Class Period"), and whose Plan accounts included any investment in Chesapeake Energy Corporation at any time during such period.

4. Pursuant to Fed. R. Civ. P. 23 and for the purposes of the Settlement only, the Court appoints Plaintiff Christopher Snider, member of the Settlement Class, as representative for the Settlement Class and appoints Bailey & Glasser LLP, Izard Kindall & Raabe LLP, and Latham, Wagner, Steele & Lehman as Class Counsel for the Settlement Class. Class Counsel who seek to represent the Settlement Class in the Action (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are

experienced in handling ERISA class actions, (iii) are knowledgeable of the applicable law, and (iv) have committed the necessary resources to represent the Settlement Class.

5. The Court determines that the Class Notice transmitted to the Settlement Class pursuant to the Preliminary Approval Order concerning the Settlement and the other matters set forth therein is the best notice practicable under the circumstances and included individual notice to all members of the Settlement Class who could be identified through reasonable efforts. Such Class Notice provided valid, due, and sufficient notice of these proceedings and of the matters set forth therein, including the terms of the Settlement set forth in the Settlement Agreement and the Plan of Allocation, to all persons entitled to such notice, and such Notice has fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court determines that the Settlement Agreement was negotiated vigorously and at arm's-length by Plaintiff and his counsel on behalf of the Plan and the Settlement Class and further finds that, at all times, Plaintiff has acted independently and that his interests are identical to the interests of the Plan and the Settlement Class. If settlement of Plaintiff's claims had not been achieved, both Plaintiff and Defendants would have faced the expense, risk, and uncertainty of extended litigation.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby approves and confirms the Settlement embodied in the Settlement Agreement as being a fair, reasonable, and adequate Settlement and compromise of the Action and in the best interests of the Settlement Class. The Court orders that the Settlement Agreement shall be consummated and fully implemented in accordance with its terms and conditions.

8. The Court hereby finds that the Plan of Allocation provides a fair and equitable basis upon which to allocate the proceeds of the Settlement Fund among the Settlement Class members. A full and fair opportunity was accorded to all Settlement Class members to be heard with respect to the Plan of Allocation. Accordingly, the Court hereby approves the Plan of Allocation.

9. The Action is hereby **DISMISSED WITH PREJUDICE**, each party to bear its own costs, except as provided herein.

10. The Court having certified the Action as a non-opt-out class action under Fed. R. Civ. P. 23(a) and 23(b)(1), Settlement Class members shall be bound by the Settlement.

11. Upon the Effective Date of the Settlement, the Releasing Parties absolutely and unconditionally **RELEASE AND FOREVER DISCHARGE** the Released Parties from the Released Claims. Upon the Effective Date of the Settlement, the Plan and the Plan's participants who are members of the Settlement Class, by operation of this Order, absolutely and unconditionally **RELEASE AND FOREVER DISCHARGE** each and all of the Released Parties from the Released Claims.

12. Upon the Effective Date of the Settlement, the Releasing Parties are permanently **ENJOINED AND BARRED** from commencing or prosecuting any action asserting any of the Released Claims against any of the Released Parties.

13. Nothing herein, however, is intended to include a release of any rights or duties arising directly out of the Settlement Agreement, including the express warranties and covenants contained therein. The Parties intend the Settlement to be a **FINAL AND**

**COMPLETE** resolution of all disputes asserted or which could have been asserted by the Releasing Parties against the Released Parties with respect to the Released Claims. Except as expressly set forth in the Settlement Agreement and this Order, each party shall bear his, her, or its own costs and expenses, including attorneys' fees.

14. Other than Defendants' insurers' obligation to fund the Class Settlement Amount in accordance with Section 2.5 of the Settlement Agreement, Defendants and the Released Parties shall have no responsibility for the Settlement Fund or the Settlement Fund Account. Defendants and Released Parties shall not be liable for claims relating to any act or omission of Plaintiff's Counsel, the Settlement Administrator, or the Escrow Agent relating to the Settlement Fund or Settlement Fund Account, or any loss of funds in the Settlement Fund Account. Further, Defendants and Released Parties shall have no responsibility for the allocation and distribution of the Settlement Fund and shall not be liable for any claims by, through, or under any member of the Settlement Class or any third party relating to the allocation or distribution of the Settlement Fund or Settlement Proceeds, including but not limited to any claims regarding the adequacy of payment or failure to make payment or that a member of the Settlement Class should have been allocated or distributed a different amount of the Settlement Fund than it actually received or than provided by the Settlement, including the Plan of Allocation.

15. If any Person is paid a portion of the Settlement Proceeds which he or she was not entitled to receive, and some other Person asserts a claim against any of the Released Parties for payment of all or a portion of those Settlement Proceeds, then the Person who received those Settlement Proceeds shall be liable for any payment to the

Person who is determined to have been properly owed that amount. Defendants and Released Parties shall have no responsibility for making any additional payments under the Settlement Agreement, as provided in Section 7.2 thereof. The Releases, Covenants Not to Sue, and Dismissal shall be effective, regardless of whether or not particular members of the Settlement Class did or did not receive payment from the Settlement Proceeds and regardless of whether or not any Person who was obligated to pay some or all of the distributed funds to another Person in fact made such payment to such other Person. The failure of a Settlement Class member to receive a payment from the Settlement Proceeds, or the failure of a Person to make payment to another Person, shall not be a defense to the enforcement of the Releases, Covenants Not to Sue, and Dismissal.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, the Final Order shall be rendered null and void and shall be vacated, and the Action shall proceed in the manner provided in the Settlement Agreement and the Preliminary Approval Order.

17. The Settlement Agreement and this Final Order, whether or not consummated, do not and shall not be construed, argued, or deemed in any way to be (a) an admission or concession by Defendants with respect to any of the Released Claims or evidence of any violation of any statute or law or other wrongdoing, fault, or liability by Defendants, or (b) an admission or concession by Plaintiff or any member of the Settlement Class that their claims lack merit or that the defenses that have been or may have been asserted by Defendants have merit. Absent written agreement of the Parties, in the event this Order and Final Judgment approving the Settlement is reversed, vacated, or modified

in any respect by the Court or any other court, the certification of the Settlement Class shall be vacated, the Action shall proceed as though the Settlement Class had never been certified, and no reference to the prior Settlement Class or any documents related thereto shall be made for any purpose. Nothing herein shall be deemed to preclude Defendants from contesting class certification for any other purpose if the Settlement is reversed, vacated, or modified in any respect by the Court or any other court.

18. The Settlement Agreement and the Final Order shall not be offered or received in evidence by any Settlement Class member or Party to this Action in any civil or administrative action or proceeding other than proceedings necessary to approve or enforce the terms of the Settlement Agreement and this Order and Final Judgment.

19. Class Representative Christopher Snider is awarded $20,000 as a Case Contribution Award, as defined in the Settlement Agreement, in recognition of his contributions to this Action, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

20. The attorneys' fees sought by Plaintiff's Counsel are fair and reasonable in light of the successful results achieved by Plaintiff's Counsel, the monetary benefits obtained in this Action, the substantial risks associated with the Action, Plaintiff's Counsel's skill and experience in class action litigation of this type, and the fee awards in comparable cases. Accordingly, Plaintiff's Counsel are awarded attorneys' fees in the amount of 33 1/3% of the gross Settlement Fund to be paid in accordance with the Settlement Agreement.

21. The litigation costs and expenses incurred by Plaintiff's Counsel in the course of prosecuting this action are fair and reasonable. Accordingly, costs and expenses are awarded in the amount of $106,855.66, to be paid from the Settlement Fund in accordance with the Settlement Agreement.

22. As required by Fed. R. Civ. P. 23(h)(3), the Court has considered and finds as follows in making this award of attorneys' fees, costs, and expenses:

    a. The Settlement created a gross Settlement Fund of $15 million in cash, plus interest earned after deposit, for distribution to the Plan, and numerous Settlement Class members will benefit from the Settlement pursuant to the Plan of Allocation;

    b. At least 4,563 copies of the Class Notice were sent to putative Settlement Class members notifying them that Plaintiff's Counsel would be applying to the Court for up to one-third of the gross Settlement Fund in attorneys' fees and costs and expenses up to $240,000;

    c. The Class Notice advised Settlement Class members that more information would be made available on the Settlement Website. Pursuant to the Preliminary Approval Order, Plaintiff's Counsel's filing in support of final approval of the Settlement, the proposed Plan of Allocation, and the applications for attorneys' fees, costs, expenses, and a Case Contribution Award were posted to the Settlement Website;

9

    d.    No objections were asserted against the terms of the Settlement or the proposed Plan of Allocation;

    e.    The Action involved complex factual and legal issues, was actively prosecuted and, in the absence of a settlement, would involve further lengthy proceedings with uncertain resolution of the complex factual and legal issues;

    f.    Had Plaintiff's Counsel not achieved the Settlement there would remain a significant risk that Plaintiff and the class he sought to represent would recover less or nothing from the Defendants;

    g.    Plaintiff's Counsel's fee and expense application indicates that they devoted over 2,000 hours, with a lodestar value of $1,280,713, to achieve the Settlement; and

    h.    The amount of attorneys' fees, costs, and expenses awarded by the Court is fair and reasonable and consistent with such awards in similar cases.

23.    The Court finds the fees, costs, and expenses incurred by the Settlement Administrator to be just and proper and hereby orders the Settlement Administrator to be paid in conformity with the Settlement Agreement.

24.    The Court finds that Defendants provided notice to all Attorneys General in compliance with 27 U.S.C. § 1715(b) more than 90 days before the entry of this Order and Final Judgment, as required by § 1715(d).

25. Without affecting the finality of this Order and Final Judgment, the Court retains jurisdiction for purposes of implementing the Settlement Agreement and reserves the power to enter additional orders to effectuate the fair and orderly administration and consummation of the Settlement Agreement and the Settlement, as may from time to time be appropriate, and resolution of any and all disputes arising thereunder.

**IT IS SO ORDERED** this 18th day of August, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge